UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21022-CIV-UNGARO/SIMONTON

ZUNEY GONZALEZ,

    Plaintiff,

v.

THE IRISH TIMES, INC.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Presently pending before the Court is Plaintiff's Motion to Compel Documents Responsive to Plaintiff's First Request for Production of Documents (DE # 43). This motion is referred for disposition to the undersigned Magistrate Judge (DE # 46). Defendant has filed a response in opposition to the motion (DE # 48). Plaintiff has not filed a reply, but the time to file a reply has not yet run. For the reasons stated below, Plaintiff's motion to compel is granted and Plaintiff's request for sanctions is denied without prejudice.

    I. Background

Plaintiff is proceeding under a four-count Complaint alleging that Defendant: did not pay her overtime, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206, *et seq.* (FLSA) (Count 1); did not pay her the Federal minimum wage, in violation of the FLSA (Count 2); did not pay her the Florida minimum wage, in violation of Fla. Stat. § 448.110 and Fla. Cons. Art X, Sec. 24 (Count 3) and violated an oral agreement with Plaintiff to pay her an hourly rate for each hour she worked (Count 4) (DE # 1).[1]

---

[1] On September 10, 2010, Plaintiff dismissed without prejudice Defendants David Higgins and David Ryan (DE ## 41, 42).

**Defendant has answered the Complaint (DE # 8).**

**This motion followed.**

**II. Analysis**

**A. The Motion to Compel is Granted**

**Plaintiff's motion to compel is granted. Defendant states that Plaintiff can obtain all the information it needs regarding Defendant's finances by taking the deposition of Defendant. However, Plaintiff is not required to rely on the deposition testimony of Defendant's corporate representative to ascertain whether Defendant had gross revenue of more than $500,000.00 for the years in question.**

**In addition, Defendant contends that financial discovery is not necessary because the interstate commerce element of FLSA jurisdiction is not present here. However, the undersigned notes that the cases cited by Defendant to support this argument are, at best, questionable based upon the recent decision of the Eleventh Circuit Court of Appeals in *Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217 (11th Cir. 2010), *petition for rehearing en banc pending*. In addition, even assuming the continued vitality of those decisions, the existence (or lack thereof) of the interstate commerce element has not been determined in the case at bar, and, thus, all relevant discovery must proceed.**

**Thus, on or before November 1, 2010, Defendant must provide Plaintiff with all documents responsive to Plaintiff's Requests for Production 14 and 15, specifically Defendant's income tax returns for the years from 2008 to the present, and all documents in Defendant's possession, custody or control which show Defendant's yearly gross receipts from 2008 to the present. In lieu of producing documents, Defendant may admit or stipulate that it had gross revenue in excess of $500,000.00 for**

the years at issue.

      B. **Plaintiff's Request for Rule 37 Sanctions is Denied Without Prejudice**

Plaintiff's request for Fed.R.Civ.P. 37 sanctions is denied without prejudice. It may be raised again if Plaintiff alleges that Defendant has failed to provide relevant discovery responses.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Documents Responsive to Plaintiff's First Request for Production of Documents (DE # 43), is **GRANTED**. On or before November 1, 2010, Defendant must provide Plaintiff with all documents responsive to Plaintiff's Requests for Production 14 and 15, specifically Defendant's income tax returns for the years from 2008 to the present, and all documents in Defendant's possession, custody or control which show Defendant's yearly gross receipts from 2008 to the present. It is further

**ORDERED AND ADJUDGED** that Plaintiff's request for Rule 37 sanctions (DE # 43), is **DENIED without prejudice to renew**.

**DONE AND ORDERED** in chambers in Miami, Florida on October 22, 2010.

                                              /s/ Andrea M. Simonton
                                              ANDREA M. SIMONTON
                                              UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Ursula Ungaro,
      United States District Judge
All counsel of record